

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

|MEMO ENDORSED|

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 12, 2023

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2023
```

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Nelson Olivo*, S1 22 Cr. 582 (VEC)

Dear Judge Caproni:

      The Government respectfully submits this letter to supplement the factual record in advance of the suppression hearing scheduled for October 24, 2023 (the "Hearing"), and to advise the Court that the parties have reached an agreement regarding the defendant's motion to suppress that we believe obviates the need to hold the Hearing.

      As the Court is aware, the Complaint alleged that the drug detection dog that sniffed around the four cars subsequently searched in connection with the arrests in this case did *not* alert on the Dodge Challenger used by defendant Nelson Olivo the ("Challenger"). *See* Complaint ¶ 11; Gov't Opp. Br. 9. In the course of preparing for the Hearing, the Government has learned that an agent present for the dog sniff of the Challenger ("Agent-1") and the dog's handler (the "Handler") both recall that the dog *did*, in fact, alert to the presence of narcotics near the Challenger's trunk, from which narcotics were subsequently recovered. The affiant for the Complaint ("Agent-2"), who led the large-scale search operation involving the house on Loring Place South and the four vehicles parked nearby described in the brief, Gov't Opp. Br. 2, did not witness the dog sniffs and relied on information provided by other agents who were present for the sniffs when conducting law enforcement activity the night of the search. That night, as reflected in his affidavit, Agent-2 understood the oral account he received from other members of law enforcement regarding the dog sniff of the Challenger as a negative hit. Agent-2 now believes this may have been the result of his own misunderstanding of the information relayed to him the night of the search.[1]

      Although the Government's position remains that the search of the Challenger was valid notwithstanding the results of the dog sniff, Gov't Opp. Br. 2, and further submits that the legitimacy of the search is only strengthened by the fact that the dog sniff of the Challenger was evidently positive despite Agent-2's misapprehension regarding those results, in preparing for trial and honing its presentation, the Government has advised counsel for the defendant that it will agree

---

[1] On October 2, 2023, the Government produced to defense counsel its notes from the referenced interviews with Agent-1, Agent-2 and the Handler.

to forgo introduction of any evidence recovered from the search of the Challenger or the fruits of that search in its direct case at trial.[2]  The defendant has likewise agreed to withdraw his motion to suppress with respect to evidence recovered from the search of the Hyundai Elantra.

The parties respectfully submit that this agreement regarding the evidence recovered from the Challenger and Elantra fully addresses the issues raised in the defendant's suppression motion and that the Hearing is no longer necessary.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> by: /s/ _____
> Jane Y. Chong/Matthew R. Shahabian
> Assistant United States Attorneys
> (212) 637-2263/-1046

cc: Counsel of Record (by ECF)

---

Mr. Olivo's motion to suppress is DENIED as moot.  The hearing scheduled for October 24, 2023, is CANCELLED.  The Court will hear oral argument on the parties' motions *in limine* at the final pretrial conference.

SO ORDERED.

*[signature: Valerie Caproni]*     10/12/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[2] The Government reserves the right to use the narcotics evidence recovered from the Challenger for the limited purpose of impeaching the defendant if he testifies at trial, as would be permitted even if this Court were to suppress the evidence as illegally obtained. *See United States v. Jaswal*, 47 F.3d 539, 543 (2d Cir. 1995) (citing *United States v. Havens*, 446 U.S. 620, 629 (1980)) ("[E]ven illegally obtained and suppressed evidence may properly be used on cross-examination to impeach subsequent inconsistent testimony"); *United States v. Douglas*, 525 F.3d 225, 248 (2d Cir. 2008) (collecting cases in which the Supreme Court deemed evidence obtained in violation of the Fourth and Fifth Amendment "nonetheless admissible to impeach" the defendant's testimony because "'[i]t is essential . . . to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth.'" (quoting *Havens*, 446 U.S. at 626-27)).