USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/05/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
UNITED STATES OF AMERICA, :
:
-against- : 22-CR-582 (VEC)
:
NELSON OLIVO, : OPINION & ORDER
:
Defendant. :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Nelson Olivo ("Defendant") is charged with conspiring to distribute various controlled substances in violation of 21 U.S.C. § 846. *See* Superseding Indictment, Dkt. 61; Compl., Dkt. 1. Trial is scheduled to begin on February 20, 2024. On November 3, 2023, Defendant moved to suppress evidence retrieved from an iPhone (the "Disputed iPhone") on the grounds that the Government unreasonably delayed its review of the phone. *See* Def. Not. of Mot., Dkt. 99. For the reasons discussed below and at the November 17, 2023, hearing, the motion to suppress is DENIED.

## BACKGROUND

As relevant to this motion, the Disputed iPhone was seized on October 12, 2022, pursuant to a search warrant. *See* Premises Warrant, Dkt. 101-1; Complaint ¶ 9. Within about a month after the Disputed iPhone was seized, the Government sought assistance from a Homeland Security Investigations ("HSI") computer forensic agent. Although the HSI agent was unable to conduct a forensic extraction of the device, he was able to ascertain the password of the device to permit a manual review. Gov't Mem., Dkt. 107, at 4–5 (citing Nov. 2022 Email, Dkt. 107-2). In November 2022, the Government sent the Disputed iPhone to a vendor ("Vendor-1") for further assistance with a forensic extraction. *Id*. at 5 (citing Nov. 2022 Email at 1). Vendor-1 returned

the Disputed iPhone to the Government in February 2023 without having completed the extraction; Vendor-1 noted the existence of a hardware problem with the phone and its charging port. *Id.* at 6 (citing Feb. 2023 Email, Dkt. 107-3).

The Government acknowledges that, from February to September, it "forgot" that the Disputed iPhone could be manually reviewed. *Id*. at 9. On September 20, 2023, having belatedly recalled that a manual review of the phone was possible, the Government began a manual review. *Id*. That day, the Government was advised by a different forensic examiner that a different vendor ("Vendor-2") might be able to repair the damaged port so that a forensic extraction could be accomplished. *Id*.

On September 22, 2023, Defense counsel conducted a limited manual review of the Disputed iPhone in part, including material that had been identified by the Government as responsive to the search warrant. *Id*. at 9–10; Def. Mem., Dkt. 100, at 2. The Government also produced responsive material that it had manually obtained from the phone to Defense counsel that same day. Gov't Mem. at 11. The Government consulted with Defense counsel regarding whether the Disputed iPhone should be provided to Vendor-2 for repair. *Id.* at 10–11. Defense counsel opted to have the phone sent to Vendor-2 for repair,[1] and following a series of administrative delays, the phone was delivered to Vendor-2 on October 20, 2023. *Id*. at 10. At the November 17, 2023, hearing, the Government represented that Vendor-2 had returned the phone without having successfully extracted it and that the Government was exploring additional vendors. Nov. 17, 2023, Tr. at 6.

On November 13, 2023, Defendant noted that, in light of the Court's Order stating that trial would be adjourned by at least six weeks, the only issue remaining for adjudication was the

---

[1] The parties appeared to agree at the November 17, 2023, hearing that, given the amount of data on the Disputed iPhone, a comprehensive manual review would be incredibly time intensive. *See* Nov. 17, 2023, Tr. at 6, 22–23.

alleged Fourth Amendment violation from the delay in reviewing the Disputed iPhone. *See* Letter, Dkt. 111.

## DISCUSSION

The Government's delay in reviewing the Disputed iPhone, although not desirable, did not rise to the level of a Fourth Amendment violation; the delay was within the realm of reasonableness, it occurred in part due to technical difficulties, and it caused minimal, if any, prejudice to Defendant.

### I.     Legal Standard

Courts interpret Federal Rule of Criminal Procedure 41(e)(2)(B) and the Fourth Amendment to impose a general "reasonableness" requirement on the timing of the Government's review of seized electronic information. *See United States v. Estime*, No. 19-CR-711 (NSR), 2020 WL 6075554, at *12, 14–15 (S.D.N.Y. Oct. 14, 2020). The Advisory Committee note to Rule 41(e)(2) states, in pertinent part: "the practical reality is that there is no basis for a 'one size fits all' presumptive period," and that "[a] substantial amount of time can be involved in the forensic imaging and review of information . . . due to the sheer size of the storage capacity of media, difficulties created by encryption and booby traps, and the workload of computer labs." Fed. R. Crim. P. 41(e)(2) advisory committee's note to 2009 amendments.

### II.    Application

The Government's unfortunate delay of its manual search for seven months — between February and September of this year — does not constitute a Fourth Amendment violation.[2] "Courts have previously determined that delays of 10 months, or more, in reviewing electronic data are not *per se* unreasonable, even when the [G]overnment does not furnish a basis for the

---

[2] The balance of the time between the seizure of the phone and the beginning of the manual review cannot fairly be considered "delay." The Government was taking reasonable steps to accomplish a forensic extraction of the phone so that the data could be reviewed efficiently.

delay in searching electronic data." *Estime*, 2020 WL 6075554, at *14 (collecting cases). The delay in searching the device occurred, in part, because of technical difficulties arising from damage to the phone and the fact that manual review was challenging given the volume of material (some in Spanish) on the device. *See* Gov't Mem. at 17; Def. Mem. at 2, 9 (noting that the data contained on the cellphone are voluminous).

*United States v. Metter*, 860 F. Supp. 2d 205 (E.D.N.Y. 2012), on which Defendant relies, is inapposite. In that case, suppression was appropriate because the Government had seized and retained data "with no plans whatsoever to *begin* review of that data. . . ." *Id*. at 215. In this case, the Government promptly attempted to review the data on the Disputed iPhone but was delayed in part because of technical difficulties. *Metter* expressly distinguished its holding from cases involving "a delay of several months between the seizure of electronic evidence and the *completion* of the [G]overnment's review of that evidence," which, it noted, "numerous cases" had held to be reasonable. *Id*. (citations omitted). *United States v. Cawthorn*, Crim. No. JKB-19-0036, 2023 WL 5163359 (D. Md. July 13, 2023), is also inapposite because it involved a delay of two years, rather than mere months, after the Government's initial review. *Id*. at *6.

Defendant's reliance on *United States v. Ganias*, 755 F.3d 125 (2d Cir. 2014), is also misplaced. In *Ganias*, the Government retained data on a computer hard drive that had appropriately been seized but that was not responsive to the warrant. *Id.* at 129. Two-and-a-half years later, further investigation permitted it to obtain another search warrant to seize as responsive additional information from the computer hard drive. *Id.* at 137–38. The panel opinion held that although the Fourth Amendment may permit the Government to execute a search of electronic data by copying an entire hard drive and then segregating and retaining what is actually responsive to the search warrant, it does not permit the Government to retain all of the

material copied at the outset post-segregation. *Id.* at 137. That is not, of course, the fact pattern presented here.

Moreover, Defendant ignores the fact that, when *Ganias* was reheard *en banc*, the Second Circuit cast significant doubt on the panel's reasoning while concluding that it need not decide the issue because the Government had acted in good faith. *United States v. Ganias*, 824 F.3d 199, 200, 211–12 (2d Cir. 2016). The majority made clear that it was not minimizing or ignoring the privacy concerns implicated when electronic data is retained, even if the initial seizure is authorized by a search warrant. *Id*. at 216–17. Nor does this Court. But, in this case, the timespan when nothing was being done to retrieve data on the Disputed iPhone as authorized by a duly-issued search warrant was quite modest. Moreover, unlike in *Ganias*, no agent had yet accomplished the task of separating the wheat (responsive data) from the chaff (unresponsive data) such that the Government knew it was retaining non-responsive material.

Finally, in light of the adjournment of trial, the Court finds that any prejudice to the Defendant due to delays in searching the iPhone are minimal.

While it would obviously be better practice for the Government promptly to search all data seized (forensically if possible; manually if not), the Court cannot say that the delays in this case were so extreme as to violate Defendant's Fourth Amendment rights. Accordingly, Defendant's motion to suppress any evidence seized from the Disputed iPhone is DENIED.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 99.

**SO ORDERED.**

Date:  December 5, 2023
       New York, NY

_____
VALERIE CAPRONI
United States District Judge