UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

NELSON OLIVO,
  a/k/a "El Jabon,"

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 22 Cr. 582 (VEC)

WHEREAS, on or about September 6, 2023, NELSON OLIVO, a/k/a "El Jabon," (the "Defendant"), among others, was charged in a one-count Superseding Indictment, S1 22 Cr. 582 (VEC), (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of the offense charged in Count One of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about October 12, 2022, the Government seized $40,698 in United States currency from a premises located at 1849 Loring Place South, Bronx, New York (the "Seized Currency");

WHEREAS, on or about October 31, 2022, the Government seized a 2008 Dodge Challenger SRT-8, VIN # 2B3LJ74W48H300117 ("Vehicle-1");

WHEREAS, on or about November 2, 2022, the Government seized a 2017 Hyundai Elantra SE, VIN # 5NPD74LF2HH078993 ("Vehicle-2" and together with the Seized Currency and Vehicle-1, the "Specific Property");

WHEREAS, on or about March 3, 2023, the Government filed a Forfeiture Bill of Particulars (D.E. 30) in which the Government gave notice that Vehicle-1 and Vehicle-2 are subject to forfeiture as a result of the commission of the offense charged in Count One of the Indictment;

WHEREAS, on or about February 26, 2024, following a jury trial, the Defendant was found guilty of Count One of the Indictment;

WHEREAS, the Government asserts that $40,698 in United States currency represents the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further asserts that Vehicle-1 and Vehicle-2 constitute property used, or intended to be used, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $40,698 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Joel Cosme Figueroa and Andy Mercado, to the extent forfeiture money judgments are entered against Joel Cosme Figueroa and Andy Mercado in this case;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in the Seized Currency, which constitutes proceeds of the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title and interest in Vehicle-1 and Vehicle-2 as property used, or intended to be used, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Seized Currency; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Counts One of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $40,698 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants, Joel Cosme Figueroa and Andy Mercado, to the extent forfeiture money judgments are entered against Joel Cosme Figueroa and Andy Mercado in this case, shall be entered against the Defendant.

2.  As a result of the offense charged in Count One of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, NELSON OLIVO, a/k/a "El Jabon," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.  United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, United States Customs and Border Protection or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to hold such property in its secure custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the

United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

.

SO ORDERED:

_____          12.13.24
HONORABLE VALERIE E. CAPRONI            DATE
UNITED STATES DISTRICT JUDGE